CV 13 1005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KATHERINE KASSEL and RONNIE KASSEL,   Civil Action No.

                Plaintiff,
   -against-

**COMPLAINT**

ALLIANCEONE RECEIVABLE MANAGEMENT, INC

**DEMAND FOR JURY TRIAL**

                Defendant(s).
-------------------------------------------------------------X

GLASSER, J.
SCANLON, M.J.

Plaintiff KATHERINE KASSEL and RONNIE KASSEL ("<u>Plaintiff</u>"), by and through their Attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant ALLIANCEONE RECEIVABLE MANAGEMENT, INC. hereinafter referred to as "<u>Defendant(s)</u>", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs bring this action on his/ her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>) and the Fair Credit Reporting Act Title 15 §1681.

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 39 Hemlock Ct., Apt. 152, Staten Island, N.Y. 10309.

3. Defendant Alliance One Receivable Management, Inc.is a Minnesota corporation with their main address at 3000 Ames Crossing Road, Suite 750, Eagan, MN 55121.

4.    The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.    On information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began collecting an alleged consumer debt.

9.    On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiffs from July 5th, 2012.

10.    The Defendant left a message on the Plaintiff's family phone that revealed they were a debt collector attempting to collect a debt from the Plaintiff Katherine Kassel.

11.    The Defendant's message was heard by Claire Kassel, the Plaintiff Katherine Kassel's mother in law.

12.    15 USC §1692c (b) which prohibits unauthorized communications by a debt collector with a third party.

13. The Defendant violated 15 USC §1692c (b) when Claire Kassel heard the Defendant's message which revealed the Plaintiff was being contacted by a debt collector concerning a debt.

14. Plaintiff Ronnie Kassel called the Defendant after seeing the number on the caller id on July 5th, 2012.

15. The Plaintiff positively identified himself by his name (Ronnie Kassel) and as Katherine's husband and asked the Defendant who they were and was informed Alliance One.

16. The Defendant demanded the date of birth information from the Plaintiff and in response the Plaintiff informed the Defendant that he did not know who Alliance One was and he would not tell them his date of birth.

17. The Plaintiff asked who Alliance one was as he did not know them and was told in response that they were a financial company. The Defendant then became rude argumentative and hung up on the Plaintiff.

18. The FDCPA does not require a consumer or spouse of the consumer to do more than positively identify himself or herself by name. There is no requirement under the FDCPA to provide additional information such as date of birth or social security number.

19. The Defendant violated 15 USC §1692f – preface by using an unfair and unconscionable means to collect a debt by refusing to speak or identify themselves to Ronnie Kassel after he positively identified himself. The Plaintiff Ronnie Kassel was correct in refusing to give his personal information over the phone to someone he had no relationship with or knowledge of and who refused to adequately identify themselves.

20. The Defendant violated 15 USC §1692e – preface and e(10) by using a deceptive, false and misleading statement when telling the Plaintiff that the Defendant was a financial company when in fact they are a debt collection agency. By definition a financial company is not necessarily a debt collection company and does not adequately identify themselves as a debt collection company. The Defendant was required to identify themselves as a debt collection agency and not a financial institution under 15 USC §1692e(11).

21. Under the FDCPA the spouse of a consumer is considered the same as the consumer and therefore the defendant was obligated to identify themselves and give the required disclosures under 15 USC §1692 e(11) identifying themselves as debt collectors and that it was an attempt to collect a debt. By failing to do so the Defendant violated 15 USC §1692 e(11).

22. The Defendant further violated 15 USC §1692d-preface by becoming abusive when the Plaintiff refused to reveal his date of birth and then hung up on the Plaintiff.

23. 15 USC §1692d- preface prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. Defendant's debt collection efforts attempted and/or directed towards the

Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e – preface, e(10) e(11), d-preface, f –preface and c(b).

26. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## **DEMAND FOR TRIAL BY JURY**

27. Plaintiff KATHERINE KASSEL AND RONNIE KASSEL hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff KATHERINE KASSEL AND RONNIE KASSEL demand judgment from the Defendants ALLIANCEONE RECEIVABLE MANAGEMENT, INC as follows:

    A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E. A declaration that the Defendant's practices violated the FDCPA;

    F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
          February 21, 2013

                              Respectfully submitted,

                              By: _____
                              M. Harvey Rephen, (MR3384), Esq.
                              M. HARVEY REPHEN & ASSOCIATES, P.C.
                              708 Third Avenue, 6th Floor
                              New York, New York 10017
                              Phone:    (212) 796-0930
                              Facsimile: (212) 330-7582

                              *Attorney for the Plaintiffs Katherine Kassel*
                              *And Ronnie Kassel*


To:   Alliance One Receivable Management, Inc.
     3000 Ames Crossing Road
     Suite 750
     Eagan, MN 55121

     *(Via Prescribed Service)*

     Clerk,
     United States District Court, Eastern District of New York
     *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

KATHERINE KASSEL and RONNIE KASSEL,

Plaintiff,

-against-

ALLIANCEONE RECEIVABLE MANAGEMENT, INC.,

Defendant(s).

---

## COMPLAINT

---

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:    (212) 796-0930*
*Facsimile: (212) 330-7582*

---